IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00097-MSK-CBS

PROSERVE CORPORATION, a Colorado corporation, and
DENVER AIRPORT ENTERPRISES, LLC, a Colorado limited liability company,

        Plaintiffs,

v.

STC-MARKETING, LLC, an Illinois limited liability company,

        Defendant.

---

**ORDER DENYING MOTION TO TRANSFER VENUE**

---

THIS MATTER comes before the Court on the Defendant's Motion to Transfer Venue **(#6)**. Having considered the motion, the response **(#10)**, the reply **(#11)**, the Defendant's Notice of Supplemental Authorities **(#13)**, and the Defendant's Notice of Errata **(#15)**, the Court

    **FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

According to the Complaint, ProServe Corporation ("ProServe") manages food service and retail establishments at the Denver International Airport ("DIA"). The Complaint further alleges that Denver Airport Enterprises, LLC ("DAE") "is a wholly owned subsidiary of ProServe and is the vehicle by which ProServe operates some of the stores at DIA."

The Complaint references three specific contracts entered into by various parties. First, the Defendant, STC-Marketing, LLC, and Plaintiff DAE entered into an Operating Agreement for the purpose of combining their sporting goods retail operations at DIA into a single company known as STC-Denver, LLC. On behalf of DAE, Joseph M. Aragon signed the Operating Agreement in his capacity as President of ProServe. Second, Plaintiff ProServe and the newly-formed entity STC-Denver entered into a separate Management Services Agreement. Third, Defendant STC-Marketing and STC-Denver entered into a separate Marketing, Design and Distribution Service Agreement.

There are two claims for relief in this action. In Claim 1 (misrepresentation), both DAE and ProServe allege that STC-Marketing fraudulently induced them to enter into the Operating Agreement and the Management Services Agreement. In Claim 2 (breach of fiduciary duty), DAE alleges that STC-Marketing owed DAE a fiduciary duty pursuant to the Operating Agreement and the Marketing Design and Distribution Agreement, and that it breached such duty.

STC-Marketing asks the Court to transfer this action to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), based upon a forum selection clause in the Operating Agreement. The parties do not dispute that the Operating Agreement contains the following forum selection clause:

> Any suit involving any dispute or matter arising under this
> Agreement may only be brought in the United States District Court
> for the Northern District of Illinois or any Illinois State Court
> having jurisdiction over the subject matter of the dispute or matter.
> All Members hereby consent to the exercise of personal jurisdiction
> by any such court with respect to any such proceeding.

ProServe and DAE contend that the forum selection clause does not apply, that ProServe is not a

party to (and therefore not bound by) the Operating Agreement, that the Operating Agreement "is not the subject of this lawsuit,"[1] and that Colorado provides the most convenient forum for their claims.

The Court held a law and motion hearing on March 21, 2006 to address whether an evidentiary hearing was needed. STC-Marketing stated that it did not desire an evidentiary hearing on its motion and instead asked the Court to rule based only the documents it has submitted. It expressed its belief that the issue could be determined as a matter of law. Therefore, the Court finds that STC-Marketing has waived its right to an evidentiary hearing.

### III. Issue Presented

The Court must determine whether the forum selection clause in the Operating Agreement binds all parties to this litigation as a matter of law, or whether there are any factual disputes which preclude such determination.

### IV. Analysis

STC-Marketing's motion is asserted under two different statutes: 28 U.S.C. §§ 1404(a) and 1406(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In contrast, section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In other words, section 1404(a) allows for an action to be transferred from one

---

[1] This is a curious statement, given that the Operating Agreement is explicitly referenced in both claims for relief.

court having proper venue to another court having proper venue.  On the other hand, section 1406(a) requires either dismissal or a transfer of venue when a court lacks proper venue in the first instance.

In the case at bar, STC-Marketing contends that this Court should transfer venue because of the forum selection clause in the Operating Agreement.  This is not an argument that the Court lacks proper venue in the first instance.  Rather, it is more properly characterized as an argument that venue is <u>more</u> proper in another forum.  Indeed, in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Supreme Court held that a forum selection clause is one of several factors a court considers under the § 1404(a) analysis.  Therefore, the Court analyzes the motion under 28 U.S.C. § 1404(a).

It is STC-Marketing's burden to show that a transfer of venue is appropriate.  *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).  Unless the balance of relevant factors weighs strongly in STC-Marketing's favor, the Court should not disturb ProServe's and DAE's choice of forum.  *See id.*

In determining a motion to transfer venue under 28 U.S.C. § 1404(a), the Court considers several factors: (1) a plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; (9) and all other considerations of a practical nature that make a trial easy, expeditious and

economical. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (citation omitted). When there is a mandatory forum selection clause, it is one factor a court considers in the § 1404(a) analysis. *See Stewart Organization, Inc.*, 487 U.S. at 28-32. Except in unusual cases, a valid forum selection clause should be given controlling weight in the § 1404(a) analysis. *See id.* at 33 (Justices Kennedy and O'Connor, concurring); *see also In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (under *Stewart*, a forum selection clause's venue choice will rarely be outweighed by other § 1404(a) factors).

In the case at bar, the parties dispute whether the claims "arise under" the Operating Agreement. This is a legal dispute which the Court could resolve simply by looking at the asserted claims. However, even if the Court were to resolve this dispute in STC-Marketing's favor, at least two factual disputes would remain. First, ProServe contends that it is not a party to the Operating Agreement and therefore is not bound by its terms. This appears to be belied by the signature of ProServe's President on the Operating Agreement.[2] However, whether corporate distinctions were formally observed by ProServe presents a factual issue which cannot be resolved on the papers. Second, the forum selection clause is only one factor, among many, which this Court must consider in determining whether to transfer venue. Although a forum selection clause usually receives substantial – and often exclusive – weight, the Court cannot determine how much weight to give to the forum selection clause in the Operating Agreement in light of the first factual dispute highlighted above as well as the purported existence of several other contracts which

---

[2] The Operating Agreement reads: "This Agreement is binding upon, and inures to the benefit of, the parties hereto and their respective heirs, executors, administrators, personal and legal representatives, successors, and permitted assigns." ProServe apparently contends that it does not constitute DAE's representative even though its President signed the Operating Agreement on DAE's behalf.

allegedly contain no forum selection clause.  In addition, according to the Complaint, there are no contracts entered into between Plaintiff ProServe and Defendant STC-Marketing which form the basis of any claims.  Therefore, STC-Marketing has not carried its burden of proof under section 1404(a).  Accordingly, the Motion to Transfer Venue is denied.

**IT IS THEREFORE ORDERED** that:

(1)     The Motion to Transfer Venue **(#6-1)** is **DENIED**.

(2)     The Motion to Dismiss **(#6-2)** remains pending.

Dated this 31st day of May, 2006

                                    **BY THE COURT:**

                                    */s/ Marcia S. Krieger*

                                    Marcia S. Krieger
                                    United States District Judge