IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00097-MSK-CBS

PROSERVE CORPORATION, a Colorado corporation, and
DENVER AIRPORT ENTERPRISES, LLC, a Colorado limited liability company,

        Plaintiffs,

v.

STC-MARKETING, LLC, an Illinois limited liability company,

        Defendant.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss **(#6)**. Having considered the motion, the response **(#10)**, and the reply **(#11)**, the Court finds and concludes as follows.

### I. Jurisdiction

For purposes of determining the pending motion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

Plaintiffs ProServe Corporation ("ProServe") and Denver Airport Enterprises, LLC ("DAE") assert two claims against Defendant STC-Marketing, LLC ("STC-Marketing"). In Claim 1 (misrepresentation), ProServe and DAE allege that STC-Marketing fraudulently induced them to enter into an Operating Agreement and the Management Services Agreement. In Claim 2 (breach of fiduciary duty), DAE alleges that STC-Marketing owed DAE a fiduciary duty pursuant

to the Operating Agreement and the Marketing Design and Distribution Agreement, and that it breached such duty.

STC-Marketing moves to dismiss Claim 1 under Fed. R. Civ. P. 12(b)(6) and 9(b). It contends that ProServe and DAE have failed to plead fraud with the requisite particularity. ProServe and DAE respond that their allegations are sufficiently particular.

### III. Issue Presented

The issue presented is whether ProServe and DAE have pled fraud with particularity.

### IV. Analysis

Pursuant to Fed. R. Civ. P. 9(b), certain fraud allegations must be pled with particularity. The purpose of this heightened pleading requirement is to give notice of the factual basis for the claims asserted. *See Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000). To satisfy this requirement, a party must allege the time, place, and substance of the fraudulent conduct, the identity of the person engaging in such conduct, and the consequences of such conduct. *See id.* However, a party is not required to plead intent, knowledge, or state of mind with particularity. *See Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir. 1997).

STC-Marketing contends that Claim 1 is not pled with sufficient particularity because ProServe and DAE have not pled where or when the alleged fraud occurred, whether the allegedly false representation was verbal or written, or who heard or read it. ProServe and DAE respond that paragraphs 9, 10, 12 and 15 of the Complaint sufficiently identify who made false statements (Bradley O'Halloran) and the location and form of some of the alleged false statements (the written Marketing and Design Agreement). They also ask that they be given an opportunity

to amend their Complaint if the Court finds their allegations to be insufficient. STC-Marketing does not oppose this latter request and instead asks the Court to direct ProServe and DAE "to re-plead their Complaint to provide" STC-Marketing a more precise Complaint.

Paragraphs 9, 10, 12 and 15 of the Complaint provide:

> 9. Representatives of STCM, and specifically Bradley O'Halloran, represented that they had developed a highly profitable marketing concept, specifically to sell sporting goods through computer terminals located in retail stores, which terminals could be used to purchase sports merchandise on-line. STCM represented that it would utilize said expertise and provide marketing assistance if DAE entered in to the proposed venture at DIA.
>
> 10. In reliance upon STCM's representations with respect to its expertise and the success of its concepts, DAE entered in to the venture with STCM by contributing its two (2) sporting goods stores to STC-Denver, and entering in to an Operating Agreement. . . .
>
> 12. STCM entered in to a "Marketing, Design and Distribution Service Agreement" with STC-Denver pursuant to which it was to provide marketing, design and distribution services to STC-Denver and all services incident and appurtenant thereto, for which it was to be paid certain management fees. . . .
>
> 15. The three stores have been very unprofitable and, in fact, have consistently lost money. Management fees are due ProServe but have not been paid because STC-Denver lacks funds to pay them.

As for the representations allegedly made by Mr. O'Halloran, ProServe and DAE have not alleged where, when, in what form, or to whom he allegedly made the representations. As to representations allegedly made by other STC-Marketing representatives, such representatives have not been identified. Therefore, ProServe and DAE have not pled fraud with sufficient particularity. The parties apparently agree that ProServe and DAE should be given an

opportunity to re-plead Claim 1.[1]

**IT IS THEREFORE ORDERED** that:

(1)   The Motion to Dismiss **(#6)** is **DENIED**.

(2)   ProServe and DAE shall file an Amended Complaint no later than **June 27, 2006**.

Dated this 13th day of June, 2006

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge

---

[1] MSK Civ. Practice Standard V.H.2.b recommends that counsel confer prior to filing a motion under Fed. R. Civ. P. 12(b) if a pleading defect is correctable by the filing of an amended pleading. The motion to dismiss contains a statement that counsel conferred prior to filing the motion, but does not indicate whether counsel addressed the possibility of curing any pleading deficiencies with an amended pleading. Had counsel conferred as to such possibility, the Court suspects that the instant motion would not have been required.

4